IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LARRY E. GRAY,** | Case Number 1:10 CV 1103 |
| Petitioner, | Judge Donald C. Nugent |
| v. | REPORT AND RECOMMENDATION |
| **BENNIE KELLY**, Warden, | |
| Respondent. | Magistrate Judge James R. Knepp II |

## Introduction

*Pro se* Petitioner Larry Gray, a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent, Warden Bennie Kelly, has filed a Return of Writ (Doc. 9) with attached exhibits (Docs. 9-1 – 9-2).[1]

The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). For the reasons discussed below, the undersigned recommends the Petition be denied.

## Background

*State Court Proceedings*

On May 2, 2006, a Cuyahoga County, Ohio grand jury indicted Petitioner on one count of aggravated murder with firearm specifications and one count of having a weapon while under disability. (Ex. 1, Doc. 9-1, at 1-4). On December 19, 2006, Petitioner signed a waiver of his speedy trial rights through May 31, 2007. (Ex. 2, Doc. 9-1, at 5).

---

[1] Respondent's Return of Writ indicates it was sent by regular mail to Petitioner's prison address. (Doc. 9, at 22). Petitioner has not filed a Traverse and has had over four months to do so.

Trial was scheduled for April 30, 2007, however, Petitioner's counsel filed a Motion to Continue on April 21, 2007. (Ex. 3, Doc. 9-1, at 6-7). Petitioner's counsel argued he was missing telephone records and had recently been informed of a jailhouse informant. (*Id.*). The trial court granted the motion and rescheduled the trial for July 11, 2007. (Ex. 4, Doc. 9-1, at 8). On June 8, 2007, Petitioner, acting *pro se*, moved to dismiss the charges based on a speedy trial violation. (Ex. 5, Doc. 9-1, at 9-10). The trial court denied the motion. (Ex. 6, Doc. 9-1, at 11).

Petitioner waived jury trial on the weapons while under disability charge. (Ex. 7, Doc. 9-1, at 12). Petitioner's first jury trial ended in a mistrial on July 20, 2007. (Ex. 8, Doc. 9-1, at 13). On December 7, 2007, a second jury convicted Petitioner of the aggravated murder charge. (Ex. 9, Doc. 9-1, at 14). The trial court found Petitioner guilty of the weapons while under disability charge. (*Id.*). On January 4, 2008, the trial court sentenced Petitioner to a total of 28 years to life. (Ex. 10, Doc. 9-1, at 15).

On February 4, 2008, Petitioner filed a notice of appeal. (Ex. 11, Doc. 9-1, at 16-17). On July 29, 2008, through counsel, Petitioner submitted eight assignments of error to the appellate court:

1. The defendant was denied his right to a speedy trial;

2. The trial court erred in allowing the defendant's wife to testify without the defendant waiving the spousal privilege and prior to the court ascertaining whether or not she knew he had the right not to testify against him and whether or not she voluntarily relinquished that right;

3. The trial court erred by excluding evidence contained in the autopsy toxicology report that the victim had marijuana in his system at the time of his death;

4. The state failed to comply with Crim. R. 16 when it failed to notify the defense that the police report contained a description of a potential subject that did not match the description of the defendant;

5. The jury and trial court's verdicts were against the manifest weight of the evidence;

6. The trial court failed to properly instruct the jury regarding accomplice testimony;

7. The defendant was materially prejudiced by instances of prosecutorial misconduct; and

8. The defendant was deprived of his right to a fair trial by the cumulative effect of all errors, even if any one of those errors may be determined to be harmless.

(Ex. 12, Doc. 9-1, at 18-70). The state filed a brief in response. (Ex. 13, Doc. 9-1, at 75-98). Petitioner filed a *pro se* brief in response entitled "Supplemental Authority". (Ex. 14, Doc. 9-1, at 99-101). On April 16, 2009, the Eighth District Court of Appeals rejected Petitioner's appeal and affirmed his conviction. (Ex. 15, Doc. 9-1, at 102-131); *State v. Gray*, 2009 WL 1019858 (Ohio App. 8 Dist.). Petitioner, through counsel, unsuccessfully sought reconsideration of that decision. (Exs. 16-17, Doc. 9-2, at 1-7).

On July 22, 2009, Petitioner filed a *pro se* notice of appeal (Ex. 18, Doc. 9-2, at 8-9)[2] and motion for leave to file delayed appeal (Ex. 19, Doc. 9-2, at 10-12). On September 16, 2009, the Ohio Supreme Court denied leave. (Ex. 20, Doc. 9-2, at 44).

On August 11, 2009, Petitioner filed a *pro se* motion to reopen his direct appeal pursuant to Ohio Appellate Rule 26(B). (Ex. 21, Doc. 9-2, at 45-73). Petitioner alleged his appellate counsel was ineffective and presented three assignments of error:

1. "The trial court erred in allowing Appellant[']s wife to testify concerning privileged marital communications. Evid. Rule 501."

---

[2] As Respondent points out, the notice of appeal is time stamped three times: twice with the July 22, 2009 date, and once with a July 10, 2009 date. The Ohio Supreme Court's docket indicates the July 22, 2009 date is correct. (Ex. 33, Doc. 9-1, at 148).

  2.  "Appellate attorney was ineffective because he failed to raise the fact that the prosecutor's closing argu[]ments and court instructions to the jury shifted the burden of proof to the defendant of disproving an element of the crime charged. U.S.C.A. Const. Amend. 14."

  3.  "Appellate counsel was ineffective because he failed to raise the fact that (1) there is insufficient evidence to prove every essential element and (2) that the state failed to prove the identity of the perpetrator beyond a reasonable doubt. U.S.C.A. Const. Amend. 5, 6, 14."

(*Id.* at 51, 53). The court of appeals denied Petitioner's motion to reopen his appeal because it was untimely and Petitioner had not shown good cause. (Ex. 22, Doc. 9-2, at 74-78); *State v. Gray*, 2009 WL 2620505 (Ohio App. 8 Dist.). Petitioner did not appeal that decision to the Ohio Supreme Court.

On August 25, 2009, Petitioner filed a *pro se* motion for new trial alleging that he had new evidence showing his innocence. (Ex. 23, Doc. 9-2, at 79-80). He attached an affidavit from Brian Donan, which stated Donan, not Petitioner, had committed the murder. (Ex. 23, Doc. 9-2, at 81). The motion was denied. (Ex. 24, Doc. 9-2, at 82). On October 29, 2009, Petitioner filed a second motion for new trial, again alleging he had additional new evidence demonstrating innocence. (Ex. 25, Doc. 9-2, at 83-84). He attached an affidavit from a trial witness recanting her trial testimony. (Ex. 25, Doc. 9-2, at 85-86). That motion was denied on November 5, 2009. On November 20, 2009, Petitioner filed a notice of appeal and brief challenging the denial of his second new trial motion. (Exs. 27-28, Doc. 9-2, at 88-105). He argued: 1) the trial court abused its discretion in overruling Petitioner's motion for a new trial; and 2) his convictions are "voidable and/or deserving of an evidentiary hearing due to perjured testimony." (*Id.*). The State filed a brief in response. (Ex. 29, Doc. 9-2, at 109-13). On December 2, 2010, The Eighth District Court of Appeals reversed, holding the trial court had abused its discretion in denying Petitioner's motion for a new trial without

4

conducting an evidentiary hearing. *State v. Gray*, 2010 WL 4892857 (Ohio App. 8 Dist.). The court remanded to the trial court to conduct a hearing on Petitioner's claims. *Id.*[3]

*Federal Habeas Corpus*

On May 10, 2010, Petitioner filed the pending Petition for habeas corpus, asserting nine grounds:

1. The Petitioner was denied his right to a speedy trial, in contravention of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

2. The Trial Court erred in allowing the Petitioner[']s wife to testify without waiving spousal privilege and prior to the Court ascertaining whether she knew she had the right not to testify against him, and whether or not she voluntarily relinquished that right, in contravention of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

3. The Trial Court erred by excluding evidence contained in the autopsy toxicology report that the victim had marijuana in his system at the time of his death, in contravention of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

4. The State failed to comply with Ohio Criminal Rule 16 when it failed to notify the defense that the police report contained a description of a potential subject that did not match the description of the Petitioner, in contravention of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

5. The jury and the Trial Court's verdicts were against the manifest weight of the evidence, in contravention of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

6. The trial court failed to properly instruct the jury regarding accomplice testimony, in contravention of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

---

[3] A "mixed petition" contains both exhausted and unexhausted claims. *See Piller v. Ford*, 542 U.S. 225, 227 (2004). Because the pending Petition does not contain any of the claims Petitioner presented in his second new trial motion, there is no failure to exhaust problem presented by the fact that this proceeding is still pending in state court. The Petition contains only fully exhausted claims.

      7.      The Petitioner was materially prejudiced by instances of prosecutorial misconduct, in contravention of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

      8.      Ineffective Assistance of Appellate Counsel.

      9.      The Petitioner was deprived of his right to a fair trial by the cumulative effect of all errors, even if any one of those errors may be determined to be harmless, in contravention of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

(Doc. 1). Respondent filed a Return of Writ (Doc. 9) and Petitioner did not file a Traverse.

## Discussion

Respondent correctly contends all of Petitioner's grounds are procedurally defaulted.

### *Exhaustion & Procedural Default*

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies. *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989); *see also* 28 U.S.C. § 2254(b)(1)(A). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard*, 404 U.S. at 275; *see also Harris v. Rees*, 794 F.2d 1168, 1174 (6th Cir. 1986). A petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If a Petitioner fails to present a claim to the state courts and no state remedy remains available, he has procedurally defaulted that claim. *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

The doctrine of procedural default prevents federal habeas courts from reviewing federal claims that state courts declined to address because of a petitioner's failure to comply with state procedural requirements. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). Procedural default occurs

when the last state court rendering a decision makes a "plain statement" basing its judgment on a procedural bar. *Harris v. Reed*, 489 U.S. 255, 265 (1989). "The mere existence of a basis for a state procedural bar does not deprive [federal courts] of jurisdiction; the state court must actually have relied on the procedural bar as an independent basis for its disposition of the case." *Bowling v. Parker*, 344 F.3d 487, 498 (6th Cir. 2003) (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)); *see also Coleman v. Thompson*, 501 U.S. 722, 735 (1991) (holding the last state court rendering a reasoned judgment must "clearly and expressly" state its judgment rests on a procedural bar for procedural default to apply). Where a state court is silent as to the reason for denying a claim, the Sixth Circuit applies a presumption that the state court "would not have ignored its own procedural rules and would have enforced the procedural bar." *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996).

The Sixth Circuit applies a four-part test to determine whether a petitioner's grounds for relief are procedurally defaulted:

> First, the federal court must determine whether there is a state procedural rule that is applicable to the petitioner's claim and whether the petitioner failed to comply with that rule. Second, the federal court must determine whether the state courts actually enforced the state procedural sanction – that is, whether the state courts actually based their decisions on the procedural rule. Third, the federal court must consider whether the procedural rule is an adequate and independent state ground on which the state can rely to foreclose federal review of a federal constitutional claim. . . . Fourth, if the federal court answers the first three questions in the affirmative, it would not review the petitioner's procedurally defaulted claim unless the petitioner can show cause for not following the procedural rule and that failure to review the claim would result in prejudice or a miscarriage of justice.

*Williams v. Coyle*, 260 F.3d 684, 693 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (internal citations omitted)). The Ohio Supreme Court's unexplained decision to deny a motion for leave to file a delayed appeal is an adequate and independent state law ground. *Bonilla*

*v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).

A petitioner may overcome procedural default by showing both cause for the failure to comply with the state procedural rule and prejudice resulting from the alleged constitutional violation. *See Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998). Demonstrating "cause" requires a petitioner to "show that 'some objective factor external to the defense' prevented the petitioner's compliance with a state procedural rule." *Bonilla*, 370 F.3d at 498 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Demonstrating prejudice requires a petitioner to show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

***Grounds One, Two, Three, Four, Five, Six, Seven, and Nine***

Petitioner presented the arguments contained in Grounds One, Two, Three, Four, Five, Six, Seven, and Nine to the Ohio appellate court. (Ex. 12, Doc. 9-1, at 18-70). The appellate court affirmed his conviction. (Ex. 15, Doc. 9-1 at 102-31); *Gray*, 2009 WL 1019858. Under the Ohio Supreme Court's Rules of Practice, he had 45 days from the date of journalization to appeal the appellate court's decision. Ohio Sup. Ct. R. II, § 2(A)(1). The date of journalization in Petitioner's case was May 11, 2009. (Ex. 15, Doc. 9-1 at 102). Therefore, he had until June 25, 2009 to file his appeal and did not do so. Both Petitioner's notice of appeal and motion to file a delayed appeal are date-stamped July 22, 2009. (Exs. 18-19, Doc. 9-2, at 8-12).[4] The Ohio Supreme Court denied his motion to file a delayed appeal without explanation. (Ex. 20, Doc. 9-2, at 13).

---

[4] Although Petitioner states the Ohio Supreme Court declined jurisdiction on June 23, 2009 (Doc. 1, at 3), this is not supported by the Ohio Supreme Court docket sheet. (*See* Ex. 33, Doc. 9-2, at 148).

In *Bonilla*, the Sixth Circuit held that the Ohio Supreme Court's unexplained entry denying a motion for delayed appeal constitutes an adequate and independent state procedural rule sufficient to bar federal habeas corpus review. 370 F.3d at 497. The court explained:

> The Ohio Supreme Court Rules require a motion for a delayed appeal to state "the date of entry of the judgment being appealed and adequate reasons for the delay." Ohio Sup. Ct. R. II, Section 2(A)(4)(a). In addition, the motion must be accompanied by a supporting affidavit and a "copy of the decision being appealed." *Id.* A motion for a delayed appeal is not required to contain the actual claims and supporting arguments sought to be presented on appeal. *Id.* Instead, only when "the Supreme Court grants a motion for delayed appeal," is the appellant required to "file a memorandum in support of jurisdiction." Ohio Sup.Ct. R. II, Section 2(A)(4)(c). Thus, the applicable Ohio court rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits.

*Id.* Because the Ohio Supreme Court's decision is silent regarding the reasons for denying Petitioner's requested relief, this Court must assume the court would have enforced the applicable procedural bar. *Id.* (citing *Simpson*, 94 F.3d at 203); *see also Dietz v. Money*, 391 F.3d 804, 809 (6th Cir. 2004) ("[F]ailure to file a timely appeal presumptively constitutes an adequate and independent ground barring federal review."). Accordingly, Petitioner's first, second, third, fourth, fifth, sixth, seventh, and ninth grounds are barred by procedural default unless he can show cause and prejudice for the default or that a miscarriage of justice excuses the default. *Coleman*, 501 U.S. at 750.

Petitioner has not presented any potential cause for his failure to file a timely appeal to the Ohio Supreme Court. *See Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) ("Petitioner has the burden of showing cause and prejudice to overcome a procedural default."). *Pro se* status is insufficient to establish cause. *Bonilla*, 370 F.3d at 498. Further, ignorance of the law and the procedural requirements for filing a notice of appeal are insufficient to establish cause. *Id.* Regardless of Petitioner's failure to present any argument about cause in the instant case, this Court

9

sees no way in which Petitioner could argue there was cause. Additionally, after reviewing the record, the Court sees no basis for concluding that federal review of the claims is necessary to prevent a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 748.[5]

***Ground Eight***

Petitioner presented his eighth ground – ineffective assistance of appellate counsel – in an Ohio Appellate Rule 26(B) application to reopen his appeal. (Ex. 21, Doc. 9-2, at 45-73). The appellate court denied the application as untimely (Ex. 22, Doc. 9-2, at 74-78), and Petitioner did not appeal to the Ohio Supreme Court.

Dismissal of an Ohio Rule 26(B) application to reopen on timeliness grounds is an adequate and independent state law ground preventing habeas review. *Landrum v. Mitchell*, 625 F.3d 905, 934 (6th Cir. 2010) ("The state courts dismissed Landrum's Rule 26(B) application as untimely. Because the timeliness requirements of Rule 26(B) were firmly established and regularly followed by September 1998, they are an adequate and independent state procedural bar.") (citing *Parker v. Bagley*, 543 F.3d 859, 861-62 (6th Cir. 2008); *Fautenberry v. Mitchell*, 515 F.3d 614, 640-41 (6th Cir. 2008)). Additionally, Petitioner defaulted this claim by failing to present it to the Ohio Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (a petitioner must "invok[e] one complete round of the State's established appellate review process"). Further, Petitioner may no longer present this

---

[5] Respondent argues several of the issues Petitioner raises are state law issues not cognizable in federal habeas corpus. Habeas relief is only available if a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Respondent is correct that many of Petitioner's claims involve solely state-law questions, or contentions that are not cognizable on habeas review. However, it is not necessary to reach this question because Petitioner's claims are defaulted and he has not shown cause and prejudice.

claim to the supreme court because Ohio does not permit delayed appeals in Rule 26(B) proceedings. Ohio Sup. Ct. II, § 2(A)(4)(c). The state supreme court never had the opportunity to enforce the procedural rule relied on by the appellate court due to the nature of Petitioner's default. Accordingly, Petitioner's eighth ground is barred by procedural default unless he can show cause and prejudice for the default or that a miscarriage of justice excuses the default. *Coleman*, 501 U.S. at 750.

Petitioner has again presented no argument for cause and prejudice or a fundamental miscarriage of justice and the Court sees no such argument here. *See Coleman*, 501 U.S. at 748.

### Conclusion and Recommendation

Following review, the undersigned recommends the court find all grounds in the Petition procedurally defaulted. Petitioner has not demonstrated any error resulting in denial of fundamental fairness or cause to hesitate due to the probability of actual innocence. Finally, there has been no demonstrated need for an evidentiary hearing. The Petition should be denied and dismissed.

               s/James R. Knepp II
               United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).