IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY E. GRAY, | ) | CASE NO. 1:10 CV 1103 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | Magistrate Judge James R. Knepp II |
| | ) | |
| BENNIE KELLY, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation issued by Magistrate Judge James R. Knepp II (Docket #10). The Magistrate Judge recommends that the Petition for Writ of Habeas Corpus filed by Petitioner pursuant to 28 U.S.C. § 2254 (Docket #1) be denied. No objections have been filed to the Report and Recommendation.

**Factual and Procedural Background**

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

*State Court Proceedings*

On May 2, 2006, a Cuyahoga County, Ohio grand jury indicted Petitioner on one count of aggravated murder with firearm specifications and one count of having a weapon while under disability. (Ex. 1, Doc. 9-1, at 1-4). On December 19, 2006, Petitioner signed a waiver of his speedy trial rights through May 31, 2007. (Ex. 2, Doc. 9-1, at 5).

Trial was scheduled for April 30, 2007, however, Petitioner's counsel filed a Motion to Continue on April 21, 2007. (Ex. 3, Doc. 9-1, at 6-7). Petitioner's counsel argued he was missing telephone records and had recently been informed of a jailhouse

informant. (*Id.*). The trial court granted the motion and rescheduled the trial for July 11, 2007. (Ex. 4, Doc. 9-1, at 8). On June 8, 2007, Petitioner, acting *pro se*, moved to dismiss the charges based on a speedy trial violation. (Ex.5, Doc. 9-1, at 9-10). The trial court denied the motion. (Ex. 6, Doc. 9-1, at 11).

Petitioner waived jury trial on the weapons while under disability charge. (Ex. 7, Doc. 9-1, at 12). Petitioner's first jury trial ended in a mistrial on July 20, 2007. (Ex. 8, Doc. 9-1, at 13). On December 7, 2007, a second jury convicted Petitioner of the aggravated murder charge. (Ex. 9, Doc. 9-1, at 14). The trial court found Petitioner guilty of the weapons while under disability charge. (*Id.*). On January 4, 2008, the trial court sentenced Petitioner to a total of 28 years to life. (Ex. 10, Doc. 9-1, at 15).

On February 4, 2008, Petitioner filed a notice of appeal. (Ex. 11, Doc. 9-1, at 16-17). On July 29, 2008, through counsel, Petitioner submitted eight assignments of error to the appellate court:

1. The defendant was denied his right to a speedy trial;

2. The trial court erred in allowing the defendant's wife to testify without the defendant waiving the spousal privilege and prior to the court ascertaining whether or not she knew he had the right not to testify against him and whether or not she voluntarily relinquished that right;

3. The trial court erred by excluding evidence contained in the autopsy toxicology report that the victim had marijuana in his system at the time of his death;

4. The state failed to comply with Crim. R. 16 when it failed to notify the defense that the police report contained a description of a potential subject that did not match the description of the defendant;

5. The jury and trial court's verdicts were against the manifest weight of the evidence;

6. The trial court failed to properly instruct the jury regarding accomplice testimony;

7. The defendant was materially prejudiced by instances of prosecutorial misconduct; and

8. The defendant was deprived of his right to a fair trial by the cumulative effect of all errors, even if any one of those errors may be determined to be harmless.

(Ex. 12, Doc. 9-1, at 18-70). The state filed a brief in response. (Ex. 13, Doc. 9-1, at 75-

98). Petitioner filed a *pro se* brief in response entitled "Supplemental Authority". (Ex. 14, Doc. 9-1, at 99-101). On April 16, 2009, the Eighth District Court of Appeals rejected Petitioner's appeal and affirmed his conviction. (Ex. 15, Doc. 9-1, at 102-131); *State v. Gray*, 2009 WL 1019858 (Ohio App. 8 Dist.). Petitioner, through counsel, unsuccessfully sought reconsideration of that decision. (Exs. 16-17, Doc. 9-2, at 1-7).

On July 22, 2009, Petitioner filed a *pro se* notice of appeal (Ex. 18, Doc. 9-2, at 8-9) and motion for leave to file delayed appeal (Ex. 19, Doc. 9-2, at 10-12). On September 16, 2009, the Ohio Supreme Court denied leave. (Ex. 20, Doc. 9-2, at 44).

On August 11, 2009, Petitioner filed a *pro se* motion to reopen his direct appeal pursuant to Ohio Appellate Rule 26(B). (Ex. 21, Doc. 9-2, at 45-73). Petitioner alleged his appellate counsel was ineffective and presented three assignments of error:

1. "The trial court erred in allowing Appellant[']s wife to testify concerning privileged marital communications. Evid. Rule 501."

2. "Appellate attorney was ineffective because he failed to raise the fact that the prosecutor's closing argu[]ments and court instructions to the jury shifted the burden of proof to the defendant of disproving an element of the crime charged. U.S.C.A. Const. Amend. 14."

3. "Appellate counsel was ineffective because he failed to raise the fact that (1) there is insufficient evidence to prove every essential element and (2) that the state failed to prove the identity of the perpetrator beyond a reasonable doubt.U.S.C.A. Const. Amend. 5, 6, 14."

(*Id.* at 51, 53). The court of appeals denied Petitioner's motion to reopen his appeal because it was untimely and Petitioner had not shown good cause. (Ex. 22, Doc. 9-2, at 74-78); *State v. Gray*, 2009 WL 2620505 (Ohio App. 8 Dist.). Petitioner did not appeal that decision to the Ohio Supreme Court.

On August 25, 2009, Petitioner filed a *pro se* motion for new trial alleging that he had new evidence showing his innocence. (Ex. 23, Doc. 9-2, at 79-80). He attached an affidavit from Brian Donan, which stated Donan, not Petitioner, had committed the murder. (Ex. 23, Doc. 9-2, at 81). The motion was denied. (Ex. 24, Doc. 9-2, at 82). On October 29, 2009, Petitioner filed a second motion for new trial, again alleging he had additional new evidence demonstrating innocence. (Ex. 25, Doc. 9-2, at 83-84). He attached an affidavit from a trial witness recanting her trial testimony. (Ex. 25, Doc. 9-2, at 85-86). That motion was denied on November 5, 2009. On November 20, 2009, Petitioner filed a notice of appeal and brief challenging the denial of his second new trial motion. (Exs. 27-28, Doc. 9-2, at 88-105). He argued: 1) the trial court abused its discretion in overruling Petitioner's motion for a new trial; and 2) his convictions are "voidable and/or deserving of an evidentiary hearing due to perjured testimony." (*Id.*).

The State filed a brief in response. (Ex. 29, Doc. 9-2, at 109-13). On December 2, 2010, The Eighth District Court of Appeals reversed, holding the trial court had abused its discretion in denying Petitioner's motion for a new trial without conducting an evidentiary hearing. *State v. Gray*, 2010 WL 4892857 (Ohio App. 8 Dist.). The court remanded to the trial court to conduct a hearing on Petitioner's claims. *Id.*

*Federal Habeas Corpus*

On May 10, 2010, Petitioner filed the pending Petition for habeas corpus, asserting nine grounds:

1. The Petitioner was denied his right to a speedy trial, in contravention of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

2. The Trial Court erred in allowing the Petitioner[']s wife to testify without waiving spousal privilege and prior to the Court ascertaining whether she knew she had the right not to testify against him, and whether or not she voluntarily relinquished that right, in contravention of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

3. The Trial Court erred by excluding evidence contained in the autopsy toxicology report that the victim had marijuana in his system at the time of his death, in contravention of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

4. The State failed to comply with Ohio Criminal Rule 16 when it failed to notify the defense that the police report contained a description of a potential subject that did not match the description of the Petitioner, in contravention of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

5. The jury and the Trial Court's verdicts were against the manifest weight of the evidence, in contravention of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

6. The trial court failed to properly instruct the jury regarding accomplice testimony, in contravention of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

7. The Petitioner was materially prejudiced by instances of prosecutorial misconduct, in contravention of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

8. Ineffective Assistance of Appellate Counsel.

9. The Petitioner was deprived of his right to a fair trial by the cumulative effect of all errors, even if any one of those errors may be determined to be harmless, in contravention of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

(Doc. 1). Respondent filed a Return of Writ (Doc. 9) and Petitioner did not file a Traverse.

On February 16, 2011, Magistrate Judge Knepp issued his Report and Recommendation (Docket #10), recommending that the Petition be denied. The Magistrate Judge found that all of Petitioner's grounds were procedurally defaulted and that Petitioner had not demonstrated any error resulting in denial of fundamental fairness or cause to hesitate due to the probability of actual innocence. Petitioner has not filed Objections to the Magistrate's Report and Recommendation.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) states:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In

5

regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." **Fed. R. Civ. P. 72** advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

## Conclusion

This Court has reviewed the Magistrate Judge's Report and Recommendation *de novo*. After careful evaluation of the record, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own. The Report and Recommendation (Docket #10) is hereby ADOPTED in its entirety. The Petition for Writ of Habeas Corpus filed by Larry E. Gray, pursuant to 28 U.S.C. § 2254, is hereby DENIED.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

>  (B) the final order in a proceeding under section 2255.
>
>  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484.  Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling.  *Id.*  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner

should be permitted to proceed further.  Accordingly, the Court declines to issue a certificate of appealability.

    IT IS SO ORDERED.

                                                            */s/Donald C. Nugent*
                                                            DONALD C. NUGENT
                                                            United States District Judge

    DATED:  April 19, 2011